UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANISA JOSEFINA LANZARO-
BRUNSTEIN,

                    Plaintiff,

-v-

THE CREATIVE PORTAL LLC, *et al.*,

                    Defendants.

No. 25-CV-5905 (KMK)

ORDER TO SHOW CAUSE

KENNETH M. KARAS, United States District Judge:

On August 11, 2025, Plaintiff filed a Third Amended Complaint ("TAC") in this case. (*See* Dkt. No. 6.) The TAC appears to assert two state law claims of civil fraud, and two federal criminal claims relating to alleged mail fraud. (*See id.* at 2.)

First, "[p]laintiff invokes federal criminal statutes, however, a private citizen cannot prosecute a criminal action in federal court." *Ballentine v. Bronx Care Med. Ctr.*, No. 24-CV-5480, 2024 WL 4635253, at *3 (S.D.N.Y. Oct. 28, 2024). Courts regularly dismiss such claims. *See id.*; *Purcell ex rel. Est. of Tyree v. City of New York*, No. 18-CV-3979, 2023 WL 6307735 (E.D.N.Y. Sept. 28, 2023) (granting summary judgment as to plaintiff's criminal law claim on this ground), *aff'd sub nom. Purcell v. City of New York*, No. 23-7448-CV, 2024 WL 4983600 (2d Cir. Dec. 5, 2024); *Jones v. Vermont State Police*, No. 23-CV-18, 2023 WL 3061554, at *3 (D. Vt. Mar. 22, 2023) (dismissing the plaintiff's criminal law claims because "[p]laintiff may not allege claims under criminal statutes in a civil action"), *appeal dismissed* (July 18, 2023), *appeal dismissed* (Aug. 21, 2023), *reconsideration denied*, No. 23-CV-18, 2023 WL 3682201 (D. Vt. May 8, 2023), *appeal dismissed*, No. 23-637, 2023 WL 11054473 (2d Cir. Dec. 27, 2023), *and appeal dismissed*, No. 23-637, 2023 WL 11054473 (2d Cir. Dec. 27, 2023).

Because Plaintiff does not state a viable federal cause of action, the Court may only exercise subject matter jurisdiction over Plaintiff's claim pursuant to its diversity jurisdiction. *See Jones-Bey v. La Casse*, No. 20-CV-9171, 2020 WL 7343292, at *4 (S.D.N.Y. Dec. 10, 2020) ("Federal courts can exercise subject matter jurisdiction over a complaint asserting only state law claims where the [p]laintiff alleges facts demonstrating that the [c]ourt has diversity jurisdiction."). To establish diversity jurisdiction, the plaintiff must allege (1) that the plaintiff and defendant(s) are citizens of different states and (2) that the amount in controversy is or exceeds $75,000.00. *See id.*; *Doumbia v. Bamba*, No. 24-CV-1088, 2024 WL 4108540, at *2 (S.D.N.Y. Aug. 26, 2024) (applying the same standard). Here, Plaintiff has pled that the amount in controversy is $1,500,000.00, she does not allege any facts regarding Defendants' citizenship. (*See generally* TAC.) Courts routinely dismiss claims for failure to demonstrate that diversity jurisdiction is appropriate. *See Doumbia*, 2024 WL 4108540, at *2 (dismissing the plaintiff's claims where they failed to allege the domicile of defendants); *Pedotti v. Adler*, No. 22-CV-6288, 2022 WL 17541756, at *2 (S.D.N.Y. Dec. 6, 2022) (dismissing complaint where, inter alia, the plaintiff failed to allege facts showing the parties are diverse).

Accordingly, it is hereby:

ORDERED that Plaintiff show cause by no later than September 5, 2025, as to why her federal criminal claims should not be dismissed.

It is further ORDERED that by no later than September 5, 2025, Plaintiff shall show cause as to why diversity jurisdiction is appropriate here. Otherwise, the Court will dismiss the case for want of subject matter jurisdiction. *See Benhayun v. Halsted Fin. Servs., LLC*, No. 21-CV-4421, 2022 WL 4813538, at *1 (E.D.N.Y. Sept. 30, 2022) ("If the court lacks subject matter jurisdiction, it may dismiss the action sua sponte. (citing Fed. R. Civ. P. 12(h)).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

DATED:   August 22, 2025
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE