UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

Janisa Josefina Lanzaro-Brunstein, Plaintiff,

v.

Creative Portal LLC, Writers Portal LLC, Woodside Motion Company, and Jack Andrews, Defendants.

Case No. 7:25-CV-05905-KMK

# NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the annexed Affidavit of Janisa Josefina Lanzaro-Brunstein, sworn to on August 25, 2025, the accompanying Memorandum of Law, and all prior pleadings and proceedings herein, Plaintiff will move this Court, before the Honorable Kenneth M. Karas, United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, on the 2nd day of September, 2025, at 10:30 a.m., or as soon thereafter as counsel may be heard, for an Order to Show Cause pursuant to Rule 65 of the Federal Rules of Civil Procedure, granting the following relief: 1. Enjoining defendants from transferring, concealing, or dissipating funds wrongfully obtained from plaintiff; 2. Directing defendants to return all funds obtained through fraud, including but not limited to $10,000 by wire transfer, $40,000 by money orders, $38,500 in payments to Creative Portal LLC, and more than $15,000 in Bangkok travel expenses, for a total of over $103,500.00; 3. Directing defendants to provide a full accounting of all funds received from plaintiff; and 4. Granting such other and further relief as the Court deems just and proper. Dated: Monroe, New York August 25, 2025

Respectfully submitted,

_____
Janisa Josefina Lanzaro-Brunstein
25 Aldo Ct
Monroe, NY 10950

Tel: (716) 380-3763
Email: janisabrunstein@icloud.com
Plaintiff, Pro Se

Denied. To obtain a preliminary injunction or temporary restraining order ("TRO"), a plaintiff is required to demonstrate, "(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction." *Bao v. Wang*, No. 19-CV-8062, 2022 WL 704023, at *2 (S.D.N.Y. Mar. 9, 2022) (quoting M*etro. Taxicab Bd. of Trade v. City of New York,* 615 F.3d 152, 156 (2d Cir. 2010)).

Courts often conclude that where a plaintiff seeks only monetary relief, a preliminary injunction/TRO is inappropriate. *See Umeze v. New York State Dep't of Health*, No. 24-CV-7425, 2025 WL 289718, at *5 (S.D.N.Y. Jan. 24, 2025) ("The Second Circuit has made clear that an 'irreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction [or TRO] should not issue.'" (quoting *Register.com, Inc. v. Verio, Inc*., 356 F.3d 393, 427 (2d Cir. 2004)). Nevertheless "[c]ourts in this circuit have granted preliminary injunctions [and TROs] in cases seeking monetary relief if the non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction." *Bao v. Wang*, No. 19-CV-8062, 2022 WL 704023, at *2 (S.D.N.Y. Mar. 9, 2022) (quoting *Westchester Fire Ins. Co. v. DeNovo Constructors, Inc.*, 177 F. Supp. 3d 810, 812 (S.D.N.Y. 2016)).

Nonetheless, where the movant fails to show that such dissipation is likely, courts decline to issue interim relief. In her memorandum accompanying this Motion, Plaintiff states, without substantiation, that "Defendants are likely to dissipate assets." (*See* Dkt. No. 12.) Without more, these bare allegations are insufficient to render interim relief appropriate. *See Bao*, 2022 WL 704023, at *2 (rejecting motion to temporarily/preliminary restrain assets where the plaintiff failed to show that the defendants were likely to dissipate those assets); *Zapoteco v. Rapi, Inc*., No. 20-CV-6335, 2021 WL 1964548, at *5 (E.D.N.Y. May 17, 2021) (concluding that the plaintiff had not demonstrated irreparable harm where failed to show dissipation of assets was "actual or imminent").

For these reasons, Plaintiff's Motion is denied without prejudice. Plaintiff may renew her request and provide the Court with additional information regarding the circumstances if they materially change.
SO ORDERED.

8/28/2025