UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Janisa Josefina Lanzaro-Brunstein, Plaintiff,
v.
Creative Portal LLC, Writer's Portal LLC, Woodside Motion Company LLC, and others, Defendants.

Index No. 7:25-CV-05905-KMK

**MEMO ENDORSED**

# NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

PLEASE TAKE NOTICE that upon the accompanying Affidavit of Janisa Josefina Lanzaro-Brunstein, the Memorandum of Law, and all prior pleadings and proceedings herein, the Plaintiff will move this Court, before the Honorable Kenneth M. Karas, United States District Judge for the Southern District of New York, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, at a date and time to be determined by the Court, for an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure granting a Preliminary Injunction against Defendants, and for such other and further relief as the Court deems just and proper.

Dated: 08/28/2025
White Plains, New York

Respectfully submitted,

_____
Janisa Josefina Lanzaro-Brunstein
Plaintiff, Pro Se
25 Aldo Ct
Monroe, NY 10950
Phone: (716) 380-3763
Email: janisabrunstein@icloud.com

Denied. Plaintiff has failed to demonstrate the likelihood of irreparable harm. First, the cases in which the deterioration of a health condition is sufficient to show irreparable harm are those in which the movant is likely to lose access to medical care entirely if the court fails to intervene.  *See, e.g., LaForest v. Former Clean Air Holding Co., Inc.*, 376 F.3d 48, 55 (2004) (affirming issuance of preliminary injunction regarding reduction of retiree benefits).  But here, where Plaintiff does not allege that she is being "denied *treatment* necessary to stave off great derogation of [her] health," the Court concludes that she has not demonstrated irreparable harm.  *See Doe v. Yale Univ.*, No. 25-CV-787, 2025 WL 1733401, at *13 (D. Conn. June 23, 2025) (emphasis added) (holding the same where the plaintiff alleged that denying her motion for preliminary injunction would exacerbate her medical conditions, but appeared to still have access to medical care).

The Court also concludes that Plaintiff's allegations fail to allege a dissipation of assets is likely to occur *in the future.*  Plaintiff states that the funds at issue were already wired to the Philippines, and thus placed "outside the jurisdiction of this Court."  But that suggests dissipation has already occurred, and therefore it is not clear that a preliminary injunction would be helpful.  *See Geminatio, Inc. v. Hustad*, No. 25-CV-00361, 2025 WL 1220233, at *6 n.7 (N.D.N.Y. Apr. 28, 2025) (denying PI where the alleged harm had already occurred, and therefore "would not be cured by the issuance of a preliminary injunction"); *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006) ("[T]he question is not whether the plaintiff has suffered irreparable harm, but whether it will be irreparably harmed in the absence of an injunction. In other words, the injunction must prevent or remedy the harm.").

For those reasons, Plaintiff's Motion is denied without prejudice. The Clerk of Court is respectfully directed to close the pending motion (Dkt. No. 26), and mail a copy of this order to Plaintiff.

SO ORDERED.

9/4/2025