**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Janisa Josefina Lanzaro-Brunstein, Plaintiff,
v.
Creative Portal LLC, Writers Portal LLC, Woodside Motion Co LLC, and Jack Andrews, Defendants.

Civil Action No. 7:25-CV-05905-KMK

**NOTICE OF MOTION FOR PRELIMINARY INJUNCTION**

PLEASE TAKE NOTICE that upon the Affidavit of Janisa Josefina Lanzaro-Brunstein, dated September 06, 2025, the accompanying Memorandum of Law, and all prior pleadings and proceedings in this matter, Plaintiff Janisa Josefina Lanzaro-Brunstein will move this Court, before the Honorable Kenneth M. Karas, United States District Judge, at the United States Courthouse, Southern District of New York, for an order pursuant to Federal Rule of Civil Procedure 65, granting a preliminary injunction against Defendants Creative Portal LLC, Writers Portal LLC, Woodside Motion Co LLC, and Jack Andrews, and granting such other and further relief as the Court deems just and proper.

Dated: September 06, 2025
Monroe, New York

Respectfully submitted,

_____
Janisa Josefina Lanzaro-Brunstein
25 Aldo Ct
Monroe, NY 10950
Tel: 716-380-3763
Plaintiff, Pro Se

Denied. Plaintiff has not yet served the Complaint or any of her three Motions for a Preliminary Injunction (Dkt. Nos. 34, 36, 39) on Defendants. Although Plaintiff is proceeding pro se, "[p]laintiffs are not excused from complying with the applicable rules of service merely by virtue of their pro se status." *Miller v. Annucci,* No. 17-CV-4698, 2021 WL 4392305, at *8 (S.D.N.Y. Sept. 24, 2021) (quoting *Cassano v. Altshuler,* 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016)). Accordingly, the Court denies Plaintiff's Motion for a PI as premature. *Cf. Braithwaite v. Tropea,* No. 23-CV-1431, 2023 WL 2329856, at *1 (E.D.N.Y. Mar. 2, 2023) (denying plaintiff's motion for a preliminary injunction as premature where defendants were not given notice of the motion).

Moreover, while Plaintiff may renew her Motion for a PI once Defendants are properly served, the Court notes that the Motion is unlikely to succeed on the merits, because she once again fails to demonstrate irreparable harm. As noted previously (*see* Dkt. No. 19), "an 'irreparable injury is one that cannot be redressed through a monetary award,'" *see Umeze v. New York State Dep't of Health*, No. 24-CV-7425, 2025 WL 289718, at *5 (S.D.N.Y. Jan. 24, 2025) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004)). Therefore, to the extent Plaintiff claims a purely monetary injury, (*see* Dkt. Nos. 35, 37), interim injunctive relief is inappropriate.

Nor are Plaintiff's claims regarding her housing situation likely to compel a different result. While Courts have found in "certain circumstances that the loss of one's home and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for preliminary injunctive relief," *Morpurgo v. Inc. Vill. of Sag Harbor*, No. 07-CV-1149, 2007 WL 3375224, at *5 (E.D.N.Y. Oct. 11, 2007), r*eport and recommendation adopted in part*, No. 07-CV-1149, 2007 WL 3355582 (E.D.N.Y. Nov. 8, 2007), *aff'd in relevant part, vacated in part, remanded*, 327 F. App'x 284 (2d Cir. 2009), Plaintiff has not provided sufficient evidence demonstrating she will find herself without housing immediately, *see Byng v. Kelly*, No. 22-CV-1406, 2023 WL 2206547, at *9 (N.D.N.Y. Feb. 24, 2023) ("The mere threat of proceedings that might possibly lead to plaintiff's eviction at some unknown time in the future does not suffice to show irreparable harm."), *report and recommendation* adopted, No. 22-CV-1406, 2023 WL 2573271 (N.D.N.Y. Mar. 20, 2023); *Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 WL 13745439, at *8 (E.D.N.Y. Nov. 30, 2015) (denying PI where the plaintiff had not demonstrated that he faced any realistic prospect of immediate homelessness), *report and recommendation adopted*, No. 14-CV-2513, 2016 WL 3637010 (E.D.N.Y. June 30, 2016).

SO ORDERED.

9/9/2025