UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANISA JOSEFINA LANZARO-BRUNSTEIN,
Plaintiff,

v.

CREATIVE PORTAL LLC,
WRITER'S PORTAL LLC,
WOODSIDE MOTION CO LLC,
and JACK ANDREWS,
Defendants.

Index No.: 7:25-CV-05905-KMK

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION

## MEMO ENDORSED

Preliminary Statement

This Memorandum of Law is submitted in support of Plaintiff Janisa Josefina Lanzaro-Brunstein's Motion. Plaintiff has suffered irreparable harm as a result of Defendants' fraudulent conduct, including the loss of her primary shelter and severe financial damages. Under well-established precedent, the Court has authority to grant equitable relief to prevent further injustice.

## I. LEGAL STANDARD

Courts grant preliminary injunctions when the movant demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) the balance of equities tips in their favor; and (4) the injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 34 (2d Cir. 2010).

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT RELIEF

Courts recognize that loss of one's home or primary shelter constitutes irreparable harm. See Elrod v. Burns, 427 U.S. 347, 373 (1976); N.Y.C. v. Venkataram, No. 06-CV-6578, 2009 WL 27440 (S.D.N.Y. Jan. 6, 2009); Doe v. Zucker, 520 F. Supp. 3d 217, 248 (N.D.N.Y. 2021). Here, Plaintiff was displaced from her sister's home, is currently without stable housing, and lives in her son's basement. Such harm is beyond the reach of monetary damages.

## III. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Defendants engaged in a fraudulent scheme, misrepresenting affiliations with Amazon Studios and inducing Plaintiff to send $50,000+ in wire transfers and money orders. Courts grant injunctions in fraud cases where misrepresentation and reliance are clear. See SEC v. Unifund SAL, 910 F.2d 1028, 1039 (2d Cir. 1990); Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999). The evidence strongly supports Plaintiff's likelihood of success.

## IV. BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR PLAINTIFF

Where a plaintiff has lost her only means of shelter due to fraudulent acts, the equities weigh heavily in her favor. Courts emphasize preventing ongoing fraud serves the public interest. See SEC v. Cavanagh, 155 F.3d 129, 136 (2d Cir. 1998). Granting relief ensures Plaintiff is not left destitute while litigation proceeds.

## V. CONCLUSION

Because Plaintiff faces immediate and irreparable harm, has a strong likelihood of success on the merits, and the equities and public interest favor relief, the Court should grant Plaintiff's motion in full.

## VI. DISTINGUISHING BYNG v. KELLY

Defendants may rely on Byng v. Kelly, 2010 WL 985195 (S.D.N.Y. Mar. 17, 2010), where the Court denied injunctive relief, holding that plaintiff failed to establish irreparable harm because his alleged injuries were primarily monetary and thus compensable by damages at law. However, Plaintiff's circumstances here are markedly different. Unlike in Byng, where the plaintiff remained able to pursue monetary recovery, Plaintiff has already lost her only stable housing, has been displaced from her sister's residence, and is currently living in her son's basement. Courts consistently recognize that loss of shelter and basic subsistence rights constitutes irreparable harm. See Doe v. Zucker, 520 F. Supp. 3d 217, 248 (N.D.N.Y. 2021). Thus, while Byng involved mere financial hardship, Plaintiff's case involves the fundamental loss of shelter and stability.

## VII. PLAINTIFF'S MOTION IS NOT PREMATURE

Courts sometimes deny motions for preliminary injunctions as premature where the alleged harm is speculative, where the record is undeveloped, or where monetary damages could later suffice. See Williams v. N.Y.C. Hous. Auth., No. 19-CV-10635, 2020 WL 7028530, at *3 (S.D.N.Y. Nov. 30, 2020). Here, Plaintiff's circumstances are fundamentally different. The harm is not speculative or future-oriented—it is occurring right now. Plaintiff has already lost her only stable housing, has been displaced from her sister's home, and is currently living in her son's basement. Unlike cases where plaintiffs sought relief before any injury occurred, Plaintiff is already suffering ongoing irreparable harm that worsens each day. The factual record is sufficiently developed through Plaintiff's sworn affidavit, proof of fraudulent transfers, and evidence of displacement. Accordingly, the motion cannot be dismissed as premature.

Dated: September 9, 2025

Respectfully submitted,

_____

Janisa Josefina Lanzaro-Brunstein
25 Aldo Ct
Monroe, NY 10950
Phone: (716) 380-3763
Plaintiff, Pro Se

Denied. The Court has twice rejected similar Motions from
Plaintiff.  (*See* Dkt. No. 33, 40.) Plaintiff's circumstances do
not appear to have changed since the Court issued its last order.
(*See* Dkt. No. 40.)  Accordingly, for those same reasons, the
Court denies Plaintiff's Motion.  To the extent Plaintiff intends
to renew her Motion, she is directed to serve Defendants before
making such a motion.

SO ORDERED.

9/11/2025