UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JANISA J. BRUNSTEIN, Plaintiff,

v.

THE CREATIVE PORTAL LLC, NATALIE P. PORTAL, WRITERS PORTAL LLC, APEX MEDIA GLOBAL LLC, and WOODSIDE MOTION LLC, Defendants.

Case No. 7:25-cv-05905 (NSR)

PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND SUMMARY OF MISCONDUCT

(Fed. R. Evid. 201; Fed. R. Civ. P. 4(e), 11(b), 55(a))

I. INTRODUCTION

Plaintiff respectfully asks the Court to (1) take judicial notice of the attached documents and sworn proofs showing Defendants' misconduct and evasion of service; (2) deem prior service attempts sufficient under Rule 4(e); and (3) direct entry of default under Rule 55(a) because Defendants have failed to plead or otherwise defend.

II. CHRONOLOGICAL STATEMENT OF FACTS

1. Filing of Action. Plaintiff filed this action on July 16, 2025, and summonses were issued for all Defendants.

2. Misfiled Correspondence. On September 30, 2025, Natalie P. Portal mailed a letter to the Manhattan Pro Se Intake Unit even though this matter is assigned to the White Plains Division. (Ex. A.)

3. False Representation to the Court. On October 1, 2025, defense counsel filed a pre-motion letter (Doc 82) claiming that "no actionable enterprise exists" and that the companies operate independently. Public filings and financial evidence show those statements lack evidentiary support. (Ex. B.)

4. Invalid Business Address. Service was attempted at 627 Eldron Dr., Suite 101, Miami Springs FL 33166—the address in state records. Individuals there stated Ms. Portal "is not an employee and this company does not operate here." (Proof of Service Doc 99 – Ex. C.)

5. Residential Attempts. The process server attempted service at 1056 Hunting Lodge Dr., Miami Springs FL 33166 on September 24, 27, and 30 2025 with no response. (Ex. E.)

6. Shared Ownership and Assumed Names. State business registries show that Writers Portal LLC and Apex Media Global LLC are assumed names or affiliates of The Creative Portal LLC, owned by Natalie P. Portal. (Ex. F.)

7. Additional Affiliate – Woodside Motion LLC. Records show Woodside Motion LLC lists the same address and agent as The Creative Portal LLC and engages in the same line of creative-media work. (Ex. I.)

8. Shared Merchant Processing and Activity in New York. The companies have used the same or linked merchant-processing accounts to receive payments for creative-media services involving New York clients, evidencing coordinated business operations. (Ex. G.)

9. Use of MagicPay.net and Deceptive Routing. Payments were processed through MagicPay.net using abbreviated or altered business names, and receipts often identified a different entity than the contracting party, misleading customers about who received the funds. (Ex. H.)

10. International Recruiting and Deceptive Operations. Forensic email analysis and witness communications reveal that defendants worked with individuals in the Philippines and Malaysia who represented themselves as part of the defendant companies when contacting creative professionals and authors. These communications show the arrangement was used to mislead clients about the entities' identity and location and to divert payments. (Ex. J.)

11. Failure to Appear. None of the defendants have filed an appearance, answer, or motion.

### III. LEGAL STANDARD

Rule 4(e) – service may be made by any method reasonably calculated to give notice; repeated verified attempts satisfy due diligence. Rule 55(a) – the Clerk must enter default when a party fails to plead or defend. Rule 11(b) – bars filings containing unsupported or misleading factual statements. Fed. R. Evid. 201 – permits judicial notice of reliable public records.

## IV. ARGUMENT

The sworn proofs demonstrate diligent service attempts at all known addresses. Defendants' evasion and counsel's inaccurate statements have obstructed the proceedings. Business records, merchant-account data, and forensic emails show that the defendants jointly conduct deceptive creative-services business in New York and abroad, contradicting claims of independence. Further service attempts would be futile; the Court should deem service sufficient and direct default.

## V. RELIEF REQUESTED

Plaintiff asks the Court to 1. Take judicial notice of Exhibits A–J; 2. Deem service sufficient under Rule 4(e); 3. Direct the Clerk to enter default against The Creative Portal LLC, Natalie P. Portal, Writers Portal LLC, Apex Media Global LLC, and Woodside Motion LLC; 4. Acknowledge that counsel's October 1 2025 statements (Doc 82) were inaccurate; and 5. Grant such other relief as the Court deems just.

## VI. CONCLUSION

Plaintiff has exhausted reasonable methods of service and supplied detailed evidence of coordinated deceptive conduct. Entry of default and judicial notice of these facts are necessary to move the case forward.

Respectfully submitted,

**Janisa J. Brunstein**
25 Aldo Ct
Monroe, NY 10950

Phone: 1-716-380-3763

Email: janisabrunstein@icloud.com

Date: November 4, 2025