UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| JANISA JOSEFINA LANZARO-BRUNSTEIN, | :7:25-cv-05905-NSR |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| THE CREATIVE PORTAL LLC, WRITERS | : |
| PORTAL LLC, WOODSIDE MOTION COMPANY | : |
| LLC, and JACK ANDREWS, | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW**

Loanzon LLP
1345 6th Avenue, Fl. 2
New York, New York 10105
(212) 760-1515
tristan@loanzon.com
*Attorneys for Defendants The Creative Portal LLC
and Woodside Motion Co. LLC*

## TABLE OF CONTENTS

Page

**ARGUMENT** ..................................................................................................................2

**I. PLAINTIFF'S OWN ADMISSIONS ESTABLISH THAT DEFENDANTS ARE NOT THE WRONGDOERS** ..................................................................................................2
    A. The June 24 Email Admission ................................................................................2
    B. The Supplemental Declaration Confirms Entity Misidentification...........................2

**II. THE RECORD CONTRADICTS PLAINTIFF'S ENTERPRISE THEORY** ..............3
    A. California Operations vs. New York Defendants ....................................................3
    B. Fraudulent Domains Not Associated with Defendants .............................................4
    C. Sworn Declarations Establish Corporate Separateness and Refusal ........................4

**III. PLAINTIFF'S PLEADING FAILS AS A MATTER OF LAW** ..................................5
    A. No Factual Allegations of Enterprise.......................................................................5
    B. No Coordination or Shared Purpose.........................................................................6
    C. Discovery Cannot Cure a Deficient Pleading ..........................................................7

**CONCLUSION** ................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................... 2, 5

*D'Addario v. D'Addario,*
    901 F.3d 80 (2d Cir. 2018) ..................................................................................... 6, 7

*Boyle v. United States,*
    556 U.S. 938 (2009) ............................................................................................... 5, 6

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.,*
    385 F.3d 159 (2d Cir. 2004) ....................................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| JANISA JOSEFINA LANZARO-BRUNSTEIN, | : 7:25-cv-05905-NSR |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| THE CREATIVE PORTAL LLC, WRITERS PORTAL LLC, WOODSIDE MOTION COMPANY LLC, and JACK ANDREWS, | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION TO DISMISS**

Plaintiff's opposition confirms the central defect in this case: her claims target the wrong defendants. The sworn record, including plaintiff's own admissions, establishes that defendants The Creative Portal LLC and Woodside Motion Co. LLC are New York businesses that provided legitimate services under documented contracts, not participants in the alleged Amazon Studios fraud scheme she describes.

Three weeks before filing this lawsuit, plaintiff acknowledged in writing that she had been scammed by someone *"impersonating* an Amazon Content Manager named Jack Andrews." That admission is fatal to her enterprise theory. Plaintiff cannot plausibly allege that defendants operated as part of a unified racketeering enterprise when she expressly distinguished the Amazon impersonation scam from defendants' services.

Plaintiff's supplemental filings compound this problem. She describes California-based operations using fraudulent domains like amazonprimestudios.com. She details a scheme involving Jack Andrews and domains designed to impersonate Amazon. None of this describes

1

defendants' documented business operations providing social media management and video production services from New York. The motion to dismiss should be granted.

## ARGUMENT

**I.    PLAINTIFF'S OWN ADMISSIONS ESTABLISH THAT DEFENDANTS ARE NOT THE WRONGDOERS**

Plaintiff's own words, written before she filed suit, defeat her enterprise theory. Courts accept as true a plaintiff's factual allegations when deciding a motion to dismiss, but those allegations must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, plaintiff's sworn statements directly contradict her theory that defendants participated in the alleged fraud.

*A. The June 24 Email Admission*

Three weeks before filing this lawsuit, on June 24, 2025, plaintiff wrote to Francis Ferolino, an independent contractor for Creative Portal: "I would like to bring to your attention that I was scammed by someone *impersonating* an Amazon Content Manager named Jack Andrews." (Ferolino Decl. ¶ 8, Ex. D).

This admission is dispositive. Plaintiff acknowledged that the alleged scam involved someone *impersonating* Amazon representatives – not the defendants before this Court. She expressly distinguished the impersonation fraud from defendants' services. That contemporaneous acknowledgment contradicts her current theory that Creative Portal and Woodside Motion were part of a unified enterprise with Jack Andrews.

*B. The Supplemental Declaration Confirms Entity Misidentification*

Faced with this admission, plaintiff filed a supplemental declaration attempting to explain it away. Her explanation only confirms the misidentification. She states:

2

    (a) "On June 24, 2025, I was in the process of uncovering and attempting to understand a complex and confusing series of events" (ECF No. 221, ¶ 2)

    (b) "At that time, my understanding was incomplete. I had identified an individual using the name 'Jack Andrews,' who represented himself as an Amazon Content Manager, as a source of false representations. However, I did not yet possess full information regarding the roles, knowledge, relationships, or benefits of other parties involved in the overall course of conduct." (*Id.* at ¶ 3)

Plaintiff filed this lawsuit on July 16, 2025, three weeks after the June 24 email. (ECF No. 1). Her supplemental declaration asserts that her "understanding was incomplete" on June 24, but she does not identify what new information she discovered between June 24 and July 16 that connected *these particular defendants* to the alleged fraud.

    The temporal sequence is damaging to plaintiff's claims. On June 24, she acknowledged being scammed by someone impersonating Jack Andrews. Three weeks later, she sued, but without alleging what facts connected defendants to the impersonation scheme she had identified. Her defensive statement that the June 24 communication "was not intended as a waiver, release, or concession of any claims" (ECF No. 221, ¶ 4) does not cure this pleading deficiency. A plaintiff cannot simply declare that prior factual admissions should be ignored.

## II. THE RECORD CONTRADICTS PLAINTIFF'S ENTERPRISE THEORY

    Beyond plaintiff's own admissions, the sworn declarations and documentary evidence establish that defendants are not the entities plaintiff dealt with in the alleged Amazon scheme.

*A. California Operations vs. New York Defendants*

    Plaintiff's supplemental declaration repeatedly describes California-based operations:

    (a) "Throughout my interactions with Defendants, I was repeatedly told that their operations were based in California and that they conducted business according to Pacific (Western) Time." (ECF No. 193, ¶ 3)

    (b) "I possess documentary evidence demonstrating that Defendants' telephone communications originated from California area code 213, corresponding to the Los Angeles region." (*Id.* at ¶ 5)

3

These allegations describe California-based operations. Defendants are New York limited liability companies. Gabriel Ruiz declares that both Creative Portal and Woodside Motion "are separate legal entities from each other, each with its own separate legal existence, tax identification numbers, bank accounts, and business operations" (Ruiz Decl. ¶ 9), and that they provided social media management, website management, and video production services from New York.

B. Fraudulent Domains Not Associated with Defendants

Plaintiff declares that "Defendants communicated using email addresses and online accounts designed to impersonate Amazon. Specifically, they used the domain amazonprimestudios.com to falsely suggest an affiliation with Amazon Prime Studios." (ECF No. 193, ¶ 6)

The amazonprimestudios.com domain is not owned by, registered to, or associated with defendants. This domain was used to impersonate Amazon – not to conduct defendants' legitimate business operations. This allegation describes fraud perpetrated by operations using fraudulent domains and aliases to impersonate Amazon representatives. It does not describe defendants' documented business operations.

C. Sworn Declarations Establish Corporate Separateness and Refusal

The principal of Creative Portal and Woodside Motion, Gabriel Ruiz, provides sworn testimony contradicting plaintiff's enterprise theory:

(a) "Neither Creative Portal nor Woodside Motion has any business relationship, contractual relationship, or any other connection with Jack Andrews." (Ruiz Decl. ¶ 12)

(b) "Neither Creative Portal nor Woodside Motion has any business relationship, contractual relationship, or any other connection with Writers Portal LLC or any similarly named entity." (*Id.* at ¶ 14)

Most importantly, Creative Portal *explicitly refused* to participate in any Amazon-related dealings. When plaintiff requested that Creative Portal communicate with "Jack from Amazon" regarding a travel show marketing opportunity, Francis Ferolino declined on behalf of Creative Portal, stating that Creative Portal was "not authorized to speak with other representatives or to represent Janisa with her other dealings in other companies as Creative is only a service provider." (Ferolino Decl. ¶¶ 6-7).

An entity that explicitly refuses to communicate with the alleged ringleader cannot plausibly be part of the same racketeering enterprise. Under *Boyle v. United States*, an enterprise requires "relationships among those associated with the enterprise" and a shared purpose. 556 U.S. 938, 946 (2009). Plaintiff's own documents demonstrate the opposite: separation, refusal, and lack of coordination.

### III.  PLAINTIFF'S PLEADING FAILS AS A MATTER OF LAW

Even under the liberal pleading standard afforded to pro se litigants, a complaint must contain factual matter sufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's alter-ego and enterprise theories collapse for three independent reasons.

*A. No Factual Allegations of Enterprise*

Plaintiff repeatedly asserts that defendants functioned as a "single enterprise" and "unified enterprise," but she offers no concrete factual allegations showing domination, misuse of the corporate form, or coordinated fraudulent activity. Her supplemental filing states: "Defendants operated multiple entities without maintaining corporate separateness. Shared merchant accounts, centralized billing infrastructure, and commingled revenues demonstrate a single enterprise under common control." (ECF No. 210, p.2)

5

That sentence is the entirety of her alter-ego theory. It is a legal conclusion, not a factual allegation. She does not identify: any shared bank account, any siphoning of funds, any ignored corporate formalities, any joint contract, any joint decision-making, or any instruction by Creative Portal or Woodside Motion to participate in the alleged Amazon scheme. Courts do not infer enterprise liability from conclusory labels. *See D'Addario v. D'Addario*, 901 F.3d 80, 101 (2d Cir. 2018) (individuals who act "independently and without coordination" cannot be treated as a RICO association-in-fact).

Plaintiff's merchant-processing argument fares no better. Ruiz explains that the payment processing arrangement was "(a) Fully disclosed to plaintiff; (b) Arranged for plaintiff's convenience to allow her to use credit card payment; (c) Documented in our business records; and (d) not evidence of any unified enterprise or fraudulent activity." (Ruiz Decl. ¶ 43). A disclosed credit-card accommodation between two legitimate businesses is not commingling. Plaintiff points to no hidden account, no undisclosed diversion, and no misuse of funds.

*B. No Coordination or Shared Purpose*

Under *Boyle*, an enterprise requires "relationships among those associated with the enterprise" and a shared purpose. 556 U.S. at 946. Plaintiff has alleged no coordination whatsoever. To the contrary:

(a) Creative Portal and Woodside Motion are separate entities with separate bank accounts, tax identification numbers, and business operations. (Ruiz Decl. ¶ 9).

(b) Neither entity has any relationship with Jack Andrews or Writers Portal LLC. (*Id.* at ¶¶ 12, 14).

(c) Creative Portal explicitly declined plaintiff's request to communicate with "Jack from Amazon." (Ferolino Decl. ¶ 6).

At most, plaintiff's filings show that she entered into unrelated service contracts with different parties at different times. That is not an enterprise; it is ordinary commerce. "[I]ndividuals who

6

act 'independently and without coordination' may not be treated as part of a RICO association-in-fact." *D'Addario*, 901 F.3d at 101.

*C. Discovery Cannot Cure a Deficient Pleading*

Plaintiff argues that discovery is required because evidence of ownership and control is "within defendants' possession." But discovery does not precede plausibility. A plaintiff must first allege a viable enterprise before obtaining discovery. Where a complaint fails to plausibly allege an enterprise, dismissal is required at the pleading stage. *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004). Plaintiff cannot use discovery to search for an enterprise she has not plausibly pleaded.

Here, plaintiff has not alleged specific facts suggesting domination, alter-ego misuse, or coordination among defendants and the alleged co-conspirators. She has offered only speculation, conclusory labels, and factual allegations that point *away* from defendants (California operations, fraudulent domains, impersonation of Amazon representatives). That is insufficient.

## CONCLUSION

The record is clear. Plaintiff's own admissions establish that she was the victim of an impersonation fraud involving someone falsely claiming to represent Amazon Studios. Her supplemental filings describe California-based operations using fraudulent domains like amazonprimestudios.com. Her sworn statements acknowledge dealing with Jack Andrews, who "represented himself as an Amazon Content Manager."

None of these allegations describe defendants. Creative Portal and Woodside Motion are New York businesses that provided documented services, such social media management, website development, and video production, under legitimate contracts. They have no connection

7

to Jack Andrews or Writers Portal LLC. They explicitly refused plaintiff's request to communicate with "Jack from Amazon." The fraudulent domains, California area codes, and Amazon impersonation scheme plaintiff describes have nothing to do with defendants' operations.

Plaintiff's June 24, 2025 email is damaging to her case. Three weeks before filing suit, she acknowledged being scammed by someone *impersonating* Jack Andrews – not by defendants. That contemporaneous admission, combined with the California operations she now describes, demonstrates fundamental entity misidentification. Plaintiff has sued the wrong defendants.

The law does not permit a RICO claim based on conclusory allegations of a "unified enterprise" unsupported by factual allegations of coordination or shared fraudulent purpose. Plaintiff's pleading fails to establish an enterprise as a matter of law. Even accepting all her factual allegations as true and drawing all reasonable inferences in her favor, she has not stated a plausible claim against these defendants.

For these reasons, the Court should grant defendants' motion to dismiss.

Dated:  New York, New York
        February 12, 2026

                                                   Respectfully submitted,

                                                   By:  *Tristan C. Loanzon*
                                                   Tristan C. Loanzon
                                                   Loanzon LLP
                                                   1345 6th Avenue, Fl. 2
                                                   New York, New York 10105
                                                   (212) 760-1515
                                                   tristan@loanzon.com
                                                   *Attorneys for Defendants The Creative Portal LLC and Woodside Motion Co. LLC*