USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANISA JOSEFINA LANZARO-BRUNSTEIN,

                                    Plaintiff,

-against-

THE CREATIVE PORTAL LLC *et al*,

                                                                25-cv-5905 (NSR)
                                                                OPINION & ORDER

                                    Defendants.

-------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Pro se Plaintiff Janisa Josefina Lanzaro-Brunstein ("Plaintiff") brings this action against The Creative Portal LLC, Writers Portal LLC, Woodside Motion Company LLC, and Jack Andrews (collectively, "Defendants"), asserting claims arising from an alleged fraudulent scheme involving purported Amazon Studios opportunities and related publishing, media, and promotional services. (*See generally* TAC, ECF No. 16.)

Presently before the Court is the motion to dismiss filed by Defendants The Creative Portal LLC and Woodside Motion Company LLC (the "Moving Defendants"). (Dfts. Mot., ECF No. 179.) For the following reasons, the Moving Defendants' motion is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against the Moving Defendants are dismissed without prejudice under Rule 12(b)(6).

1

**BACKGROUND**

A. **Factual Background**

The following facts are derived from the TAC[1] and are taken as true and construed in the light most favorable to the Plaintiff at this stage.

Plaintiff is a resident of Monroe, New York who claims to have been defrauded through a scheme involving purported Amazon Studios opportunities. (TAC at 1, ECF No. 16.) The TAC identifies Creative Portal LLC, Writer's Portal LLC, Woodside Motion Company LLC, and Jack Andrews as members of an alleged RICO "enterprise." (*Id*.) According to Plaintiff, the enterprise's purpose was to obtain money from Plaintiff by representing that her books would be acquired by Amazon Studios if she "purchased cinematic trailers, screenplays, and legal retainers." (*Id*.)

The alleged racketeering activity consisted of three payment-related acts. First, Jack Andrews allegedly instructed Plaintiff to wire $10,000 to Writer's Portal LLC at Chase Bank under the pretense of hiring a fictitious law firm. (TAC at 2.) Second, Plaintiff mailed a $25,000 money order to Writer's Portal LLC as a "retainer" for a non-existent Amazon contract. (*Id*.) Third, Plaintiff mailed a $15,000 money order for a second book contract under similar false pretenses. (Id.) Defendants allegedly devised the fraudulent scheme knowingly and intentionally and used the United States mails and interstate wires to execute it. (*Id*.) As a result, Plaintiff claims property injury of at least $50,000 and seeks treble damages, costs, and attorney's fees under 18 U.S.C. § 1962(c). (*Id*.)

---

[1] Plaintiff filed multiple amended pleadings in rapid succession. (*See* ECF Nos. 4, 5, 6, 16.) Although Plaintiff did not seek or obtain leave of Court before filing the Second Amended Complaint or the later amended pleadings, the Court need not determine whether each amendment was properly filed under Rule 15(a) to resolve the instant motion. The Moving Defendants moved to dismiss the RICO pleading filed at ECF No. 16 and treated that pleading as the operative complaint. (Dfts. Mem., ECF No. 226.) Accordingly, in light of Plaintiff's pro se status, and because the Moving Defendants had notice of and fully briefed the sufficiency of that pleading, the Court treats the RICO pleading at ECF No. 16 as the operative pleading solely for purposes of resolving the Moving Defendants' motion. This treatment does not constitute a ruling that Plaintiff properly amended as of right or that Plaintiff may file additional amended pleadings without complying with Rule 15(a).

Plaintiff also asserts a RICO conspiracy claim under 18 U.S.C. § 1962(d). (TAC at 2.) The conspiracy claim rests on the same alleged scheme. (*Id.*) Defendants allegedly agreed to conduct the affairs of the "enterprise" through mail and wire fraud. (*Id.*)

### B. Procedural History

Plaintiff commenced this action pro se on July 16, 2025, asserting claims against The Creative Portal LLC, Writers Portal LLC, and Jack Andrews. (ECF No. 1.) Plaintiff's original Complaint asserted claims sounding in breach of contract, fraud, and violations of New York General Business Law § 349. (*Id.*) Plaintiff thereafter filed a First Amended Complaint on August 7, 2025. (ECF No. 4.) On August 11, 2025, Plaintiff filed a Second Amended Complaint.[2] (ECF No. 5.)

On August 26, 2025, Plaintiff filed a Civil Complaint for Racketeer Influenced and Corrupt Organizations Act ("RICO"), which added civil RICO allegations and named Jack Andrews, The Creative Portal LLC, Woodside Motion Co., and Writers Portal LLC as Defendants. (TAC, ECF No. 16.) The Court treats that pleading as the operative complaint for purposes of the instant motion.

The Moving Defendants filed their motion to dismiss and supporting memorandum on February 12, 2026. (Dfts. Mot. & Mem., ECF Nos. 179, 226.) Plaintiff filed several oppositions. (Pltf. Opps., ECF Nos. 191, 195, 215, 231.) The Moving Defendants subsequently filed their reply. (Dfts. Reply, ECF No. 229.)

---

[2] The Second Amended Complaint and Plaintiff's later RICO pleading appear to have been filed without Plaintiff first seeking or obtaining leave of Court.

## LEGAL STANDARD

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction ... when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotations omitted).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits ...." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or

4

"[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds pro se, courts construe the pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks and citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

### C. Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure modifies the liberal pleading standard stated in Rule 8(a) when a claim asserts allegations of fraud. Fed. R. Civ. P. 9(b). Rule 9(b) holds a party must "state with particularity the circumstances constituting fraud." *Id.* "For a fraud claim 'to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' " *Kalie v. Bank of Am. Corp.,* 297 F.R.D. 552,

556 (S.D.N.Y. 2013) (quoting *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290 (2d Cir. 2006)). Pleadings concerning scienter require less specificity under Rule 9(b). *See* Fed. R. Civ. P. 9(b). However, the complaint must still "plead facts that give rise to a strong inference of fraudulent intent." *Kalie*, 297 F.R.D. at 556. "Allegations that are conclusory or unsupported by factual assertions are insufficient." *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Although the Supreme Court has held the pleadings of *pro se* litigants are to be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), such pleadings are still subject to dismissal under Fed. R. Civ. P. Rule 9(b). *See Lichtenstein v. Reassure Am. Life Ins. Co.*, 2009 WL 792080, at *8 (E.D.N.Y. Mar. 23, 2009) (dismissing plaintiff's *pro se* fraud claims for failure to "meet the heightened pleading standards of Rule 9(b)").

## DISCUSSION

Plaintiff brings federal civil RICO claims under 18 U.S.C. §§ 1962(c) and 1962(d) against the Moving Defendants.[3] (*See generally* TAC.) The Moving Defendants seek dismissal under Rules 12(b)(1) and 12(b)(6). The Court first addresses jurisdiction, then turns to the sufficiency of Plaintiff's RICO claims.

### A. The Court Has Subject-Matter Jurisdiction Over Plaintiff's Federal RICO Claims

Although the Moving Defendants also invoke Rule 12(b)(1), dismissal for lack of subject-matter jurisdiction is not warranted. The TAC asserts civil RICO, 18 U.S.C. §§ 1962(c) and

---

[3] The Court considers only the claims asserted in the operative TAC. Because the TAC asserts only federal civil RICO claims under 18 U.S.C. §§ 1962(c) and 1962(d), no state-law claims are before the Court on the instant motion. To the extent Plaintiff referenced state-law theories in prior pleadings or opposition submissions, those references do not amend or supplement the operative pleading, and the Court does not construe them as independent claims for relief.

1962(d), and therefore invokes federal-question jurisdiction under 28 U.S.C. § 1331. (*See generally* TAC.) The deficiencies identified below concern the sufficiency of Plaintiff's federal RICO claims, not the Court's subject-matter jurisdiction. Accordingly, the Court analyzes Plaintiff's RICO claims under Rule 12(b)(6), not Rule 12(b)(1), and need not reach the Moving Defendants' diversity arguments.

### B.  Plaintiff Fails to State a Civil RICO Claim Under Section 1962(c)

The Moving Defendants argue that Plaintiff has not stated a civil RICO claim because her pleading lacks a sufficiently alleged enterprise, pattern of racketeering activity, and fraud-based predicate acts. (Dfts. Mem. at 18–21.) The Court agrees.

To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity," as well as injury to the plaintiff's business or property caused by the alleged RICO violation. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). "[S]imply establishing the presence of an enterprise is not enough"; a plaintiff must also allege that the defendants "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159, 175-76 (2d Cir. 2004). Where, as here, the alleged racketeering activity consists of mail fraud or wire fraud, the alleged predicate acts are subject to Rule 9(b)'s heightened pleading standard. *See id.* at 178.

   *1.  The TAC Does Not Plead Fraud-Based Predicate Acts with Rule 9(b) Particularity*

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Where multiple defendants are accused of fraud, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 147 (S.D.N.Y. 2014) (quoting *DiVittorio v. Equidyne Extractive*

*Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). "The requirements of Rule 9(b) are 'not satisfied by a complaint in which defendants are clumped together in vague allegations.' " *Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000) (citation omitted); *see also Williams v. Long Beach Mortg. Co.*, No. 19-CV-970 (NSR), 2020 WL 4735354, at *7 (S.D.N.Y. Aug. 14, 2020).

The TAC does not satisfy Rule 9(b). The alleged predicate acts are limited to three payment-related events: Jack Andrews allegedly instructed Plaintiff to wire $10,000 to Writer's Portal LLC at Chase Bank under the pretense of hiring a fictitious law firm; Plaintiff mailed a $25,000 money order to Writer's Portal LLC as a "retainer" for a non-existent Amazon contract; and Plaintiff mailed a $15,000 money order for a second book contract under similar false pretenses. (TAC at 1-2.) Those allegations identify payments Plaintiff allegedly made. They do not, however, identify any particular fraudulent statement by Creative Portal or Woodside Motion, who made it, when or where it was made, why it was false, or how it furthered the alleged enterprise.

Instead, the TAC attributes the alleged fraud to Defendants collectively. (TAC at 1-2.) Such group pleading is insufficient under Rule 9(b), particularly where, as here, Plaintiff asserts fraud-based RICO claims against multiple individuals and entities. See Polar Int'l Brokerage Corp., 108 F. Supp. 2d at 237-38. Nor does the narrow group-pleading doctrine save the TAC: that doctrine is an "exception" that is "extremely limited in scope" and applies only to "clearly cognizable corporate insiders with active daily roles in the relevant companies." *Id*. Here, the TAC identifies no group-published corporate document and alleges no facts showing that Creative Portal or Woodside Motion were insiders or affiliates of Writer's Portal LLC or Jack Andrews. That problem is especially clear here. The alleged predicate acts identify Jack Andrews as the actor and

8

Writer's Portal LLC as the payment recipient. The TAC does not say what Creative Portal or Woodside Motion did that amounted to mail or wire fraud.

Plaintiff's opposition points to several categories of materials, including payment records, MagicPay receipts, bank records, emails, merchant accounts, and alleged commingling among related entities. (Pltf. Opp. at 1, ECF No. 195.) But even taken together, those assertions do not identify a particular fraudulent statement by Creative Portal or Woodside Motion or otherwise plead the who, what, when, where, and why required by Rule 9(b). Nor do conclusory allegations concerning payment routing, related entities, shared communications, or alter-ego liability establish a specific act of mail or wire fraud by either Moving Defendant. Accordingly, Plaintiff fails to plead fraud-based RICO predicates with the required particularity.

2. *The TAC Does Not Plausibly Allege a RICO Enterprise Involving the Moving Defendants*

Separately, the TAC does not plausibly allege an association-in-fact enterprise involving the Moving Defendants. An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," and must have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 944, 946 (2009).

Here, the TAC offers only the conclusory assertion that Defendants associated together for a common fraudulent purpose. (TAC at 1-2.) But a common-purpose label, without facts showing structure, relationships, or coordinated conduct, is not enough. The TAC does not explain the relationships among Creative Portal, Woodside Motion, Jack Andrews, and Writer's Portal LLC, or how Creative Portal and Woodside Motion participated in the alleged Amazon-related scheme.

This deficiency is particularly clear because the specific predicate acts alleged in the TAC involve instructions by Jack Andrews and payments to Writer's Portal LLC, not conduct by Creative Portal or Woodside Motion.

Accordingly, because Plaintiff has not pleaded fraud-based predicate acts with Rule 9(b) particularity or plausibly alleged a RICO enterprise involving the Moving Defendants, the Court need not reach whether Plaintiff adequately pleads closed- or open-ended continuity. Plaintiff's Section 1962(c) claim against the Moving Defendants is dismissed without prejudice under Rule 12(b)(6).

### C. Plaintiff Fails to State a RICO Conspiracy Claim Under Section 1962(d)

The Moving Defendants also seek dismissal of Plaintiff's RICO conspiracy claim. (*See generally* Dfts. Mem.) That claim fails for substantially the same reasons.

To state a RICO conspiracy claim under 18 U.S.C. § 1962(d), a plaintiff must plausibly allege that the defendant agreed to participate in the "affairs of the enterprise through a pattern of racketeering activity." *First Cap.*, 385 F.3d at 182 (internal quotation marks and citation omitted). Where a plaintiff fails to plead a substantive RICO violation and fails to allege facts showing a conspiratorial agreement, the Section 1962(d) claim fails as well. *Id.*

The TAC states that Defendants conspired to conduct and participate in the affairs of the alleged "enterprise" through mail and wire fraud. (TAC at 2.) But the TAC does not plead the underlying fraud predicates with Rule 9(b) particularity, nor does it allege nonconclusory facts showing that Creative Portal or Woodside Motion agreed with Jack Andrews, Writer's Portal LLC, or anyone else to commit racketeering acts. (*Id.*) Plaintiff's opposition submissions do not fill that gap. They do not identify when any agreement was formed, who joined it, or what Creative Portal or Woodside Motion agreed to do. (*See generally* Pltf. Opps., ECF Nos. 191, 195, 215, 231.)

Accordingly, Plasintiff's Section 1962(d) claim against the Moving Defendants is likewise dismissed without prejudice under Rule 12(b)(6).

### D.  Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Id.*

Here, although Plaintiff has already filed several amended pleadings, she proceeds pro se, and the Court dismisses her claims against the Moving Defendants without prejudice based on pleading deficiencies. The Court cannot conclude, at this stage, that any further amendment would necessarily be futile. Plaintiff will therefore be given one final opportunity to amend her pleading to address the deficiencies identified in this Opinion and Order.

### CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is denied to the extent it seeks dismissal under Rule 12(b)(1) and granted to the extent it seeks dismissal under Rule 12(b)(6). Plaintiff's claims against Defendants Creative Portal LLC and Woodside Motion Company LLC are dismissed without prejudice.

Plaintiff is granted leave to file a Fourth Amended Complaint. Plaintiff shall have until July 10, 2026 to do so consistent with this Opinion and Order. Plaintiff is advised that any Fourth Amended Complaint will replace, not supplement, the Third Amended Complaint, and therefore must include all claims and factual allegations Plaintiff wishes to pursue against any Defendant. If Plaintiff fails to file a Fourth Amended Complaint within the time allowed, the claims dismissed without prejudice against Creative Portal LLC and Woodside Motion Company LLC shall be deemed dismissed with prejudice, and the action shall proceed, if at all, against any remaining Defendants.

Plaintiff may contact the Pro Se Intake Unit for procedural assistance, including assistance with filing requirements. The Pro Se Intake Unit cannot provide legal advice or represent Plaintiff. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 179. The Clerk of Court is further directed to mail a copy of this Opinion and Order to pro se Plaintiff at the address listed on ECF and to show service on the docket.

Dated:  June 12, 2026
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

12